# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 19 2019, 9:25 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Andrea L. Ciobanu
Ciobanu Law, P.C.
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Jeff Mitchell
American Family Mutual
Insurance Company
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| C.D.Q., b/n/f Rita Peoples, Rita Peoples, and Keith Peoples, <br> *Appellants-Plaintiffs,* <br><br> v. <br><br> McDonald's Corporation, <br> *Appellee-Defendant* | June 19, 2019 <br><br> Court of Appeals Case No. 18A-CT-2109 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable David J. Dreyer, Judge <br><br> Trial Court Cause No. 49D10-1802-CT-7971 |

**Baker, Judge.**

[1] C.D.Q., by next friend Rita Peoples, and Rita and Keith Peoples (collectively, the Appellants) appeal the trial court's order granting summary judgment in favor of McDonald's Corporation (McDonald's). Finding that McDonald's failed to respond to discovery requests before seeking summary judgment, that those requests were directly relevant to matters at issue, and that it would be unfair to resolve a case by summary judgment under these circumstances, we reverse and remand for further proceedings.

## Facts

[2] On December 22, 2017, the Appellants stopped at a McDonald's restaurant in Indianapolis to purchase and eat food. Ten-year-old C.D.Q. was sitting on a stool while he ate his food. He shifted his weight to get off the stool and the bottom of the stool lifted off the floor and broke, causing C.D.Q. to fall and hit the floor. C.D.Q. required medical attention and suffered pain in his lower back and leg as a result of the incident.

[3] On February 28, 2018, the Appellants filed a complaint against McDonald's, alleging that they suffered damages as a result of negligence, negligence per se, and negligent infliction of emotional distress. On April 5, 2018, the Appellants filed an amended complaint adding Indiana McDonald's, LLC, Randy Shields, and Toucan, Inc. (Toucan), as defendants.

[4] On April 6, 2018, the Appellants served discovery, including interrogatories and requests for production of documents, on all defendants. On May 14, 2018, the defendants filed a motion for an extension of time to respond to discovery; the

trial court granted the motion and extended the deadline to June 8, 2018. On May 24, 2018, the defendants filed a second motion for an extension of time to respond to discovery; the trial court granted the motion and extended the deadline to July 31, 2018.

[5] On July 10, 2018, having never provided discovery responses, McDonald's filed a motion for summary judgment. The only evidence designated in support of its motion was the complaint and an affidavit from Shields. In the affidavit, Shields attested as follows:

- He is the creator and president of Toucan.
- Before August 10, 2007, Shields and his wife were parties to a Franchise Agreement and Operator's Lease, pursuant to which they operated the McDonald's restaurant at issue in this case.
- On August 10, 2007, Shields and his wife assigned the franchise to Toucan, which owned and operated the restaurant at the time of C.D.Q.'s fall.
- Toucan owned 100% of the equity interest in the restaurant.
- McDonald's was not a party to the franchise agreement and had no role in the day-to-day operations of the restaurant.
- Toucan was generally responsible for ensuring that the barstools and chairs in the restaurant were in reasonably safe condition.

Appellants' App. Vol. II p. 110-13. McDonald's did not attach the Franchise Agreement or Operator's Lease to the affidavit, nor has it ever provided those documents to the Appellants in response to their discovery requests. Following

briefing, the trial court summarily granted summary judgment in favor of McDonald's on August 13, 2018.[1] The Appellants now appeal.

# Discussion and Decision

[6] Our standard of review on summary judgment is well settled:

> The party moving for summary judgment has the burden of making a prima facie showing that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Reed v. Reid*, 980 N.E.2d 277, 285 (Ind. 2012). Once these two requirements are met by the moving party, the burden then shifts to the non-moving party to show the existence of a genuine issue by setting forth specifically designated facts. *Id.* Any doubt as to any facts or inferences to be drawn therefrom must be resolved in favor of the non-moving party. *Id.* Summary judgment should be granted only if the evidence sanctioned by Indiana Trial Rule 56(C) shows there is no genuine issue of material fact and that the moving party deserves judgment as a matter of law. *Freidline v. Shelby Ins. Co.*, 774 N.E.2d 37, 39 (Ind. 2002).

*Goodwin v. Yeakle's Sports Bar and Grill, Inc.*, 62 N.E.3d 384, 386 (Ind. 2016).

[7] The Appellants argue that summary judgment should not have been entered in favor of McDonald's. The basis of the summary judgment motion was, essentially, that McDonald's had no control over the premises where C.D.Q.'s accident occurred and, as a result, it had no duty to any of the Appellants.

---

[1] The claims against the other defendants are still pending and have been stayed during the appellate process.

[8]     At the time McDonald's moved for summary judgment, it had not yet responded to any of the Appellants' pending discovery requests, despite multiple extensions of time granted by the trial court to do so. As a general rule, it is improper to grant summary judgment when requests for discovery are pending. *Smith v. Taulman*, 20 N.E.3d 555, 563 (Ind. Ct. App. 2014). But when pending discovery is unlikely to develop a genuine issue of material fact, summary judgment may be permissible. *Id.*

[9]     Here, pending discovery would have enabled the Appellants to have a fuller understanding of the legal relationship between McDonald's, Shields, and Toucan. That information could, indeed, create a genuine issue of material fact. Had McDonald's included the Franchise Agreement and Operator's Lease with its summary judgment materials, the outcome might be different, but as it currently stands, neither the Appellants nor the Court have any way to determine whether McDonald's retains any potential liability under the relevant contracts. Shields's affidavit, in and of itself, is insufficient to answer those questions.[2]

[10]    McDonald's argues that the Appellants were not sufficiently diligent in attempting to procure the discovery. Given that McDonald's had sought multiple extensions of time to respond to discovery and then sprung a summary

---

[2] And even if the affidavit amounted to evidence sufficient to shift the burden to the Appellants, they would obviously have no way of designating evidence to the contrary because none of the defendants have ever responded to their discovery requests. This would be a fundamentally unfair result that we decline to countenance.

judgment motion on the Appellants before the latest deadline had even passed, still having failed to respond, we do not believe McDonald's has the right to argue that the Appellants should have done more. It is not as though the Appellants sat on their proverbial hands and passively invited the continued stonewalling of McDonald's to go on, later attempting to take advantage of the situation. To the contrary, things moved remarkably quickly in this case. McDonald's filed the summary judgment motion three weeks before the extended discovery deadline, and the trial court granted the motion two weeks after that same deadline. Under these circumstances, we do not believe the Appellants were required to do more to save their claims from summary judgment. To hold otherwise would be to sanction the type of "gotcha" litigation that this Court so abhors.

[11] Given the timeline of this case and the lack of evidence on the issue of the potential liability of McDonald's under these circumstances, we find that summary judgment should not have been granted in its favor.[3]

[12] The judgment of the trial court is reversed and remanded for further proceedings.

Najam, J., and Crone, J., concur.

---

[3] The Appellants also raise an argument regarding whether there is a conflict of interest related to the attorney who represents all the defendants in this case. We decline to reach this issue as it is not relevant to the summary judgment motion.